## GLEASON *vs.* DREW.

*A.* sold a boat to *B.* who paid part of the price, and gave his promissory note for the residue, taking a bill of sale of the boat. Afterwards, being unable, when called upon, to pay the balance due, *B.* gave up the bill of sale to *A.*, under an agreement that on payment of the remainder of the price originally agreed, the boat should be reconveyed or restored to him. *A.* having no convenient place to keep the boat, which was half a mile from the place of this transaction, left it in the care of *B.* with authority to sell it, subject to the lien of *A.* Hereupon it was held, that the transaction might be regarded either as a resale of the boat to *A.* and thereby a payment of the note;—or as a mortgage of the boat for the balance of the price;—and that in either case *A.* might well maintain replevin against an officer who took it as the property of *B.*

It seems that a mortgage of personal property is not a contract of sale, within the third section of the statute of frauds.

THIS was replevin of a boat. Plea, property in one *Wilder*, and not in the plaintiffs; and issue on the plaintiff's property. At the trial it appeared that in the year 1829 the plaintiff, being then the owner of the boat, sold it to one *Harrington*, giving him a bill of sale, for eighty dollars; of which thirty were paid down by the purchaser, who gave his note for the remaining fifty, ten of which were soon afterwards paid. In the following autumn the plaintiff called for the balance due on the note, which *Harrington* was unable to pay; and a verbal arrangement was thereupon made, pursuant to which he gave up the bill of sale to the plaintiff, who agreed that upon payment of the remaining forty dollars the boat should be reconveyed or restored to *Harrington*. At this time no formal delivery of the boat was made to the plaintiff, it being about half a mile from the parties, and in the possession of *Harrington*, who had used it ever since the original purchase. Neither did the plaintiff refund the money he had received, or deliver up the note to *Harrington*; but requested him to keep the boat safely, the plaintiff having no convenient place for that purpose; which he accordingly did; occasionally using it himself. At the same time the plaintiff authorised him to sell the boat, subject to the plaintiff's

lien. He accordingly commenced a contract of sale of it to *Wilder*, who took it upon trial for two or three days, during which the defendant attached it as the property of *Harrington*.

Upon proof of these facts the defendant submitted to a default, subject to the opinion of the court upon the question whether the action was maintainable.

*Allen* and *Weston*, for the defendant, contended that it was not; first, because the transaction between the parties was inoperative as a conveyance, by reason of the statute of frauds; and here was no redelivery of the boat to the plaintiff; 2 *Stark. Ev.* 609; *Damon v. Osborn*, 1 *Pick.* 476; *Chapman v. Searle*, 3 *Pick.* 38; *Whitwell v. Wyer*, 11 *Mass.* 6; *Jackson v. Coverts*, 5 *Wend.* 119; *Brown on sales*, 309, 446; *Cooper v. Elston*, 7 *D. & E.* 10; *Rondo v. Wyatt*, 2 *H. Bl.* 63;—and secondly, because replevin would not lie, for want of possession or the right of possession in the plaintiff. *Wyman v. Dorr*, 3 *Greenl.* 183; *Ward v. Macauley*, 4 *D. & E.* 498; *Hussey v. Thornton*, 4 *Mass.* 405; *Buffinton v. Gerrish*, 15 *Mass.* 158; *Ayer v. Bartlett*, 9 *Pick.* 71, 156.

*Hobbs*, for the plaintiff, cited *Ward v. Sumner*, 5 *Pick.* 59; *Gibbs v. Chase*, 10 *Mass.* 125; 4 *Cranch* 48; 7 *Johns.* 308; *Taggard v. Loring*, 16 *Mass.* 339; *Haskell v. Greely*, 3 *Greenl.* 425; *Holbrook v. Baker*, 5 *Greenl.* 309; *Holmes v. Crane*, 2 *Pick.* 607; *Elmore v. Stone*, 1 *Taunt.* 458; *Badlam v. Tucker*, 1 *Pick.* 389; *Reed v. Jewett*, 5 *Greenl.* 96.

WESTON J. delivered the opinion of the Court at the ensuing *July* term in *Waldo*.

The boat in question, once the property of the plaintiff, was sold and transferred by him to *Harrington*. Before it was taken by the officer, the defendant, was the sale rescinded, or was a lien created upon it, in favor of the plaintiff as mortgagee? It is not pretended that in what was subsequently done, there was any fraud or want of good faith, either in the plaintiff or *Harrington*. Half the

Gleason *v.* Drew.

purchase money, viz. forty dollars, was paid. The plaintiff wanted the residue. *Harrington* was unable to pay it. He thereupon gave up the bill of sale, he had received of the plaintiff, under an agreement that it should be reconveyed to him, upon paying the remaining forty dollars. The plaintiff had no convenient place to keep the boat, and did not take her into his own hands, but engaged the defendant, who had a convenient place, to keep her for him. He was further authorised to sell her ; but subject to the plaintiff's rights. The contract of sale between the plaintiff and *Harrington*, was vacated and rescinded by mutual consent ; and the evidence of it given up, before the right of any third person had intervened. The intention of the parties manifestly was, to restore the plaintiff to his original title. The plaintiff was not to hold under *Harrington*; but the purchase of the latter was relinquished and given up ; reserving a right to repurchase, upon favorable terms. In this there was nothing colorable or collusive ; nothing done to defeat or defraud creditors.

But if the same formalities are necessary to rescind a contract for the sale of personal property, exceeding thirty dollars in value, which are required in making it, did they exist in this case ? The plaintiff held the note of *Harrington*, which does not appear to have been given up. But by this transaction it was paid, the plaintiff resuming the property for which it was given, and the defendant undertaking to keep it for him. Upon these facts, the plaintiff never could have recovered the note, from which *Harrington* was virtually discharged, and against which he had and has a good defence. By rescinding the first sale, or by the resale, if it is so to be regarded, he paid his own debt, whether he received back the evidence of it or not; and this payment, in a case not infected with fraud, was a sufficient consideration, not executory but executed, for the resale. Here then payment was made. There does not seem to be any good reason, why this did not revest the property in the plaintiff, as between the parties ; more especially as *Harrington* agreed to keep the boat, as the agent of the plaintiff. *Tuxworth v. Moore*, 9 *Pick.* 347. If *Harrington* had afterwards con-

11

verted the property to his own use, we do not see but he must have been liable to the plaintiff, in an action of trover. Such are the views which may be taken of the case, regarding it as a resale, requiring the formalities prescribed by the statute of frauds. But we do not place our decision entirely upon this ground.

What took place between the parties after the first sale, may be regarded in substance as a mortgage for the residue of the consideration. We are not satisfied that a mortgage of personal property, the validity of which is now well settled, is a contract of sale, within the meaning of the third section of the statute of frauds, *Stat.* 1821, *ch.* 53. That manifestly contemplates an absolute sale, where the vendor is to receive payment, and the vendee the goods purchased. But the mortgagee is not intended or expected to pay any thing. His lien is created, to secure what he is to receive. Nor is he to take possession, unless his security requires it. That is retained by the mortgagor; and herein a mortgage differs from a pledge. As this is a contract then, in which neither payment nor delivery is expected, we are not prepared to say that it comes within the statute. Upon the whole case, we are of opinion that the plaintiff is in justice, and by the agreement between him and *Harrington*, legally entitled to hold the boat, for which he has never been paid. If it is a sale, contemplated by the statute of frauds, payment was virtually and substantially made. If not, the statute is not in the way of the plaintiff's recovery.

*Judgment for plaintiff.*